■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES M. THOMAS, Appellant. [620 NYS2d 693] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Erie County Court for resentencing in accordance with the following Memorandum: We reject defendant's contention that the trial court erred in failing to consider whether the victim was an accomplice to the crime of incest *(see,* Penal Law § 255.25) and whether her testimony was supported by corroborative evidence *(see,* CPL 60.22; *cf., People v Facey,* 115 AD2d 11, *affd* 69 NY2d 836).

We conclude, however, that the evidence is insufficient to support defendant's conviction of rape in the third degree (Penal Law § 130.25 [1]). The evidence fails to establish that the narcotic substance (crack cocaine) ingested by the victim was administered to her without her consent and that she was "rendered temporarily incapable of appraising or controlling [her] conduct owing to the influence" of crack cocaine (Penal Law § 130.00 [6]). The proof, therefore, fails to establish that the victim was incapable of consent because she was mentally incapacitated *(see,* Penal Law § 130.00 [6]; § 130.05 [3] [c]). Because the proof is sufficient to establish that defendant engaged in sexual intercourse with the victim without her consent, we modify the judgment by reducing defendant's conviction of rape in the third degree to sexual misconduct (Penal Law § 130.20 [1]) and by vacating the sentence imposed thereon, and we remit the matter to Erie County Court for resentencing on that conviction. (Appeal from Judgment of Erie County Court, McCarthy, J.—Rape, 3rd Degree.) Present —Green, J. P., Lawton, Wesley, Doerr and Boehm, JJ.