■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE ROGNER, Appellant. [697 NYS2d 363] —Carpinello, J. Appeal from a judgment of the County Court of Sullivan County (Kane, J.), rendered December 16, 1993, upon a verdict convicting defendant of the crimes of sodomy in the first degree (two counts), endangering the welfare of a child (three counts) and assault in the third degree.

Indicted on two counts of sodomy in the first degree (counts one and three), three counts of endangering the welfare of a child (counts two, four and six) and assault in the third degree (count five), and found guilty as charged following a trial, defendant was sentenced as a second felony offender to concurrent prison terms of $12\frac{1}{2}$ to 25 years on each sodomy count and one year on each remaining count. As conceded by the People, the four misdemeanor counts are barred by the two-year Statute of Limitations (see, CPL 30.10 [2] [c]) and defendant was improperly sentenced as a second felony offender since the conviction utilized to establish his predicate felon status was imposed after his commission of the subject offenses (see, Penal Law 70.06 [1] [b] [ii]). Consequently, the endangering the welfare of a child and assault counts are dismissed and, finding no merit to defendant's remaining arguments on appeal, the matter will be remitted to County Court for resentencing on the sodomy convictions.

The sodomy charges against defendant stem from allegations that he engaged in deviate sexual intercourse with his then 13-year-old stepdaughter (hereinafter the victim) by forcible compulsion in that he compelled her to perform oral sex on him on two separate occasions in one night during a 1988 summer vacation. We are unpersuaded by defendant's contention that the evidence was legally insufficient to establish sodomy in the first degree, namely, the element of forcible compulsion is missing.

Although the victim could not recall the precise words used

---

* Petitioner concedes that respondent maintained contact with her child.

by defendant on the night of the incidents, she testified that he told her to perform oral sex on him, that she complied because she was afraid of him and that he ordered her to stop—and then kicked her in the stomach—because she scratched him. A few minutes later, defendant again ordered the victim to perform oral sex on him and she again complied because she was afraid of him, afraid of getting in trouble with him and afraid of being hit by him as he had hit and threatened her in the past. Moreover, she had previously witnessed him perpetrate physical abuse upon her mother, i.e., she observed defendant punch, kick and choke her mother on many occasions in the past.

The victim's mother testified at trial that she witnessed defendant "forcing [the victim] to have oral sex with him". According to the victim's mother, defendant kicked the victim in the stomach because she scratched him, at which time the victim fell against a wall and defendant told her to stop crying or "she was going to get it worse". During the incidents, according to the victim's mother, defendant was angry, yelling and screaming. At one point, he threatened that if they both did not do as he ordered, they "would both be dead" and "hurting". The victim's mother also testified that defendant had previously hit her.

Applying the applicable standard of review—"whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial * * * and as a matter of law satisfy the proof and burden requirements for every element of the crime[s] charged" (*People v Bleakley*, 69 NY2d 490, 495)—we are satisfied that the element of forcible compulsion was established. Nor do we find that a minor inconsistency between the testimony of the victim and her mother pertaining to the timing of the latter's arrival into the camper on the night in question renders counts one and three duplicitous, a claim, we note, that is unpreserved for review as no objection on this ground was made at trial (*see, People v Iannone*, 45 NY2d 589, 600).

Defendant also takes issue with County Court's pretrial *Molineux* ruling permitting the People to present evidence during their case-in-chief of alleged prior acts of sexual and/or physical abuse perpetrated by defendant on both the victim and her mother. Since this evidence is relevant to the element of forcible compulsion and since its probative value outweighed its prejudicial effect, we discern no error in the ruling (*see, People v Cook*, 93 NY2d 840, 841; *People v Brown*, 261 AD2d 410, *lv*

*denied* 93 NY2d 967; *People v George*, 197 AD2d 588, 589, *lv denied* 83 NY2d 852; *People v Velez*, 159 AD2d 665, 665-666, *lv denied* 76 NY2d 744; *People v Barlow*, 88 AD2d 668, 669). We also note that County Court gave repeated and appropriate limiting instructions to the jury on its admissibility.

Defendant's remaining contentions, particularly his claim that he received ineffective assistance of counsel, have been reviewed and rejected as meritless.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is modified, on the law, by dismissing counts two, four, five and six of the indictment; matter remitted to the County Court of Sullivan County for resentencing on two counts of sodomy in the first degree (counts one and three of the indictment); and, as so modified, affirmed.