■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIERMER TARVER, Appellant. [768 NYS2d 391]—

Rose, J. Appeal from a judgment of the County Court of Albany County (Ryan, J.), rendered June 29, 2001, upon a verdict convicting defendant of the crime of burglary in the second degree.

This conviction stems from an incident late in the evening on December 21, 2000, when defendant and two other men forced their way into the victim's apartment and threatened him with a shotgun. In addition to describing this incident, the victim

was permitted to testify, over defendant's objection, to an incident that occurred two days earlier when defendant brandished a shotgun and a knife and threatened to kill the victim.* County Court sentenced defendant as a second felony offender to a prison term of eight years.

On appeal, defendant argues that County Court erred by permitting testimony concerning the earlier threat because it was inadmissible evidence of a prior uncharged crime offered solely to raise an inference that he has a criminal propensity or bad character (*see People v Rojas*, 97 NY2d 32, 36-37 [2001]; *People v Blair*, 90 NY2d 1003, 1004-1005 [1997]; *People v Molineux*, 168 NY 264, 291 [1901]). However, uncharged crimes or bad acts may be admitted where they fall within the classic *Molineux* exceptions (*see People v Molineux, supra* at 293) or are inextricably interwoven with the charged crimes, provide necessary background or complete a witness's narrative (*see People v Morales*, 301 AD2d 368, 368 [2003], *lv denied* 99 NY2d 617 [2003]; *People v Shannon [Thompson]*, 273 AD2d 505, 507 [2000], *lvs denied* 95 NY2d 892, 893 [2000]; *People v Crossland*, 251 AD2d 509, 510 [1998], *lv denied* 92 NY2d 895 [1998]).

Here, evidence of the earlier confrontation provided a motive for the charged criminal conduct, demonstrated defendant's intent on the second occasion, and put the later threatening interaction between defendant and the victim into the proper context for the jury. Its probative and explanatory value clearly outweighed the potential prejudice to defendant, particularly since the later incident can readily be viewed as a continuation of the confrontation two days earlier.

Defendant's remaining contentions have been considered and found to be without merit.

Mercure, J.P., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.

* In her brief, defendant's counsel repeatedly misstates that these incidents occurred "a few weeks apart."