■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REBEKAH L. TOMLINSON, Appellant. [861 NYS2d 221]—

Carpinello, J. Appeal from a judgment of the County Court of Montgomery County (Catena, J.), rendered May 25, 2007, upon

a verdict convicting defendant of the crimes of rape in the second degree (three counts), criminal sexual act in the second degree (three counts), rape in the third degree and criminal sexual act in the third degree.

An eight-count indictment was handed up against defendant charging her with various counts and degrees of rape and criminal sexual act. The charges stem from defendant's role in the sexual abuse of her 14-year-old daughter on three occasions between April 11, 2004 and late December 2004. Found guilty as charged by a jury and sentenced to an aggregate prison term of 8¹/₃ to 25 years, defendant appeals. We affirm.

Defendant argues that four particular counts of the facially sufficient indictment were rendered duplicitous by answers given by the victim during cross-examination. The challenged counts stem from evidence that the victim was raped and forced to engage in oral sex in June 2004 and late December 2004. This argument, however, was not preserved for this Court's review by an appropriate objection at any time during the trial (*see* CPL 470.05 [2]; *People v Van Ness*, 43 AD3d 553, 554 [2007], *lv denied* 9 NY3d 965 [2007]; *People v Weber*, 25 AD3d 919, 922 [2006], *lv denied* 6 NY3d 839 [2006]; *People v Rogner*, 265 AD2d 688, 689 [1999]).

In any event, were the claim preserved, we would find it to be without merit. During direct examination, the victim was quite specific in describing the two distinct occasions of inappropriate sexual contact in June 2004 and December 2004. Indeed, her recollection of both incidents was tied to specific events on each occasion, namely, a summertime trip to a local amusement park just prior to the death of her grandfather and the Christmas holiday season. While the victim thereafter acknowledged during cross-examination that there were around 40 total instances of sexual abuse involving defendant, this elicited testimony in no way rendered her otherwise clear testimony unclear or even uncertain. Moreover, the prosecutor clarified on redirect examination, in direct response to the cross-examination questions concerning the uncharged incidents, that the victim was able to specify the charged incidents by relating them to these other occurrences. Thus, contrary to defendant's contentions, it was not "nearly impossible to determine the particular act upon which the jury reached its verdict" as to the challenged counts (*People v Dalton*, 27 AD3d 779, 781 [2006], *lv denied* 7 NY3d 754, 811 [2006]; *see People v Raymo*, 19 AD3d 727 [2005], *lv denied* 5 NY3d 793 [2005]; *People v Barber*, 13 AD3d 898, 899 [2004], *lv denied* 4 NY3d 796 [2005]).

Defendant also contends that the sentence is harsh and exces-

sive. We disagree. Defendant has demonstrated neither an abuse of discretion nor the existence of extraordinary circumstances warranting modification (*see People v Dunton*, 30 AD3d 828, 830 [2006], *lv denied* 7 NY3d 847 [2006]). Given defendant's reprehensible conduct in permitting and participating in sexual acts against her own daughter, her utter lack of remorse and, in fact, steadfast denial that she was involved in such acts, we are unpersuaded that the sentence is harsh or excessive (*see id.*; *People v Dalton*, 27 AD3d at 783; *compare People v Cruz*, 41 AD3d 893 [2007]).

Cardona, P.J., Peters, Rose and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.