█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DELBERT L. SHOFKOM, Appellant. [880 NYS2d 758]—

Malone Jr., J. Appeal from a judgment of the County Court of Chenango County (Sullivan, J.), rendered December 3, 2007, upon a verdict convicting defendant of the crimes of attempted rape in the first degree, criminal sexual act in the second degree, criminal sexual act in the third degree (two counts) and endangering the welfare of a child.

In October 2006, defendant was charged with attempted rape

in the first degree, criminal sexual act in the second degree, two counts of criminal sexual act in the third degree and endangering the welfare of a child after it was discovered that, between 2002 and 2005, he had engaged in a series of sexual acts with a female relative (born in 1989). Following a hearing, County Court denied defendant's motion to preclude the People from offering at trial evidence of uncharged incidents of alleged abuse. After a jury trial, defendant was convicted on all the counts as charged and sentenced to an aggregate prison term of seven years, with five years of postrelease supervision. Defendant appeals.

According to defendant, the convictions are against the weight of the evidence because the victim had motive to fabricate the allegations and her testimony was inconsistent regarding the frequency and timing of the incidents. As a different verdict would not have been unreasonable, viewing the evidence in a neutral light, we must " 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*People v Bleakley*, 69 NY2d 490, 495 [1987], quoting *People ex rel. Mac-Cracken v Miller*, 291 NY 55, 62 [1943]). The divergent testimony of defendant and the victim presented a credibility issue for the jury to resolve and the jury obviously credited the victim's version of events (*see People v Colvin*, 37 AD3d 856, 857 [2007], *lv denied* 8 NY3d 944 [2007]). The victim provided lengthy and detailed testimony, explaining that defendant demanded that she engage in sexual acts with him as repayment for gifts he had given her or for favors he had done for her. According to the victim, the sexual acts demanded by defendant, who was significantly larger and stronger than the victim, gradually escalated over the years, beginning with inappropriate touching and culminating in the attempted rape. Contrary to defendant's contention, the few minor inconsistencies in the victim's testimony did not render it incredible as a matter of law (*see People v Wright*, 214 AD2d 759, 761-762 [1995], *lv denied* 86 NY2d 805 [1995]). Accordingly, it cannot be said that the convictions are not supported by the weight of the credible evidence offered at trial.

Next, we find no error in County Court's ruling that allowed the People to present evidence of uncharged acts of sexual misconduct allegedly committed by defendant against the victim. Such evidence, although not admissible to establish defendant's propensity to commit the crimes charged, was nevertheless admissible to develop the necessary background and complete the victim's narrative (*see People v Tarver*, 2 AD3d

968, 969 [2003]; *People v Watson*, 281 AD2d 691, 694 [2001], *lv denied* 96 NY2d 925 [2001]). The evidence of the uncharged encounters demonstrated the escalating nature of the sexual abuse and revealed the manipulative and abusive setting in which the victim lived with defendant. The evidence was additionally relevant to the element of forcible compulsion contained in the attempted rape charge (*see People v Cook*, 93 NY2d 840, 841 [1999]; *People v Rogner*, 265 AD2d 688, 689 [1999]). Considering that the court several times provided the jury with appropriate limiting instructions, and because the probative value of the evidence outweighed the potential prejudice to defendant (*see People v Molineux*, 168 NY 264, 293 [1901]; *People v Tarver*, 2 AD3d at 969), we cannot say that County Court erred by permitting the testimony.

Finally, defendant's claim that certain counts of the indictment were rendered duplicitous by the victim's testimony was not preserved for this Court's review by an objection at trial (*see* CPL 470.05 [2]; *People v Tomlinson*, 53 AD3d 798, 799 [2008], *lv denied* 11 NY3d 835 [2008]) and, in any event, is without merit. Considering that such claim is without merit, we reject the related contention that defendant was deprived of the effective assistance of counsel based on trial counsel's failure to enter such objection.

Spain, J.P., Lahtinen, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed.