■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP P. BATTEASE, Appellant. [904 NYS2d 241]—

Lahtinen, J. Appeals (1) from a judgment of the County Court of Washington County (McKeighan, J.), rendered January 23, 2008, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the fifth degree, incest in the third degree, rape in the third degree, criminal sexual act in the third degree and coercion in the first degree, and (2) by permission, from an order of said court, entered June 3, 2008, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant and the 22-year-old victim (a person related to defendant under Penal Law § 255.25) resided together and engaged in sexual activity during part of the months of March and April 2007. After the victim was released from a heroin detoxification program in mid-March 2007, defendant allegedly sold and supplied to her, in exchange for sex, the prescription drug Avinza, a morphine sulfate. In mid-April 2007, the victim went to police and reported that defendant had been providing Avinza to her, had coerced her to engage in sex, and had made a video of some of their sexual activity. She stated to police that she had sex with him because he had threatened that, if she did not, he would cause her to lose custody of her young child by telling the child's father that she was on drugs. She also stated that sometimes he forced her to have sex after she told him no.

Upon questioning by police, defendant admitted his sexual activity with the victim, which he insisted was consensual, and acknowledged that he had a video recording of some of their sexual activity. He claimed that he had made the video to show the consensual nature of the sex after the victim had said to him on one occasion that she might accuse him of rape. He was

charged in a six-count indictment with criminal sale of a controlled substance in the fifth degree, incest in the third degree, rape in the third degree, criminal sexual act in the third degree, rape in the first degree and coercion in the first degree. A jury acquitted him of the most serious charge, rape in the first degree, but found him guilty of the remaining five counts. County Court sentenced him, as a persistent felony offender, to five concurrent terms of 20 years to life in prison. His subsequent CPL 440.10 motion was denied. Defendant now appeals from the judgment of conviction and, by permission, from the denial of his CPL 440.10 motion.

We consider first defendant's argument that the verdict was not supported by legally sufficient evidence. This argument has merit as to counts three and four, and, as to such counts, defendant preserved the issue for our review with a specific motion to dismiss asserting the deficiencies now advanced on appeal (*see People v Roberts*, 63 AD3d 1294, 1296 [2009]; *People v Lozada*, 35 AD3d 969, 969-970 [2006], *lv denied* 8 NY3d 947 [2007]). Count three charged rape in the third degree based upon sexual intercourse when the victim was allegedly incapable of consent because she was under the influence of a controlled substance (*see* Penal Law § 130.25 [1]) and, similarly, count four charged criminal sexual act in the third degree for oral sex when the victim was allegedly incapable of consent because she was under the influence of a controlled substance (*see* Penal Law § 130.40 [1]). The grounds for establishing that a person is incapable of consent are set forth in Penal Law § 130.05 (3) and the current case was prosecuted on the theory that the victim was "physically helpless" (Penal Law § 130.05 [3] [d]).[1] A person is physically helpless when he or she "is unconscious or for any other reason is physically unable to communicate unwillingness to an act" (Penal Law § 130.00 [7]; *see People v Cecunjanin*, 67 AD3d 1072, 1074 [2009], *lv granted* 14 NY3d 799 [2010] [extensive evidence of victim's high level of inebriation including blood alcohol content of .267% and lifeless appearance]; *People v Williams*, 40 AD3d 1364, 1366 [2007], *lv denied* 9 NY3d 927 [2007] [victim in drug and alcohol induced sleep when intercourse occurred]; *People v DeCicco*, 38 AD3d 937, 937 [2007], *lv denied* 8 NY3d 983 [2007] [the defendant's sodomizing of victim was in progress when victim awoke from sleep]; *People v Perkins*, 27 AD3d 890, 892 [2006], *lv denied* 6

---

1. Since there was no evidence that any drugs were administered without her consent (*see* Penal Law § 130.00 [6]), the People did not pursue a theory that the victim was incapable of consent by reason of being mentally incapacitated (*see* Penal Law § 130.05 [3] [c]; *People v Thomas*, 210 AD2d 992 [1994]).

NY3d 897 [2006] [victim blacked out from intoxication]; *but see People v Chapman*, 54 AD3d 507, 509-510 [2008] [legally insufficient evidence of being physically helpless]; *People v Conto*, 218 AD2d 665, 666 [1995], *lv denied* 87 NY2d 845 [1995] [proof did not establish that the victim was either unconscious or physically unable to communicate unwillingness to engage in sex]).

Here, the victim testified on direct examination (consistent with her statement to police) that she had sex with defendant because of his threats to expose her drug use and cause her to lose her child. While she described taking drugs and being "high," she never indicated that sex occurred while she was unconscious, awaking from sleep, coming out of unconsciousness, or when she was so high as to be unable to communicate. In fact, to the contrary, she acknowledged telling defendant that she did not want to have sex with him, but she relented out of fear for her child. Although she claimed to have been "fading in and out of consciousness" while at defendant's house, this condition was not tied to a specific time period and, importantly, she did not testify that the alleged sex occurred when she was in such condition. The video does not show her unconscious or unable to communicate during the segment depicting sexual conduct of the nature charged in the indictment. In an effective aspect of cross-examination, the extent of the victim's drug use during the relevant time was significantly minimized. She reiterated during cross-examination that she had sex with defendant because she feared his threats to reveal information that would result in her losing custody of her child. The victim's drug use undoubtedly clouded her judgment, but, even when viewed in the light most favorable to the prosecution, the record does not establish that sexual intercourse or oral sex occurred while the victim was either unconscious or physically unable to communicate.

Defendant's other arguments regarding counts three and four—including that the indictment had insufficient factual allegations and was duplicitous—are academic. These arguments were not preserved as to the remaining three counts (*see People v Anderson*, 290 AD2d 658, 658 [2002], *lv denied* 97 NY2d 750 [2002]; *People v Fiacco*, 172 AD2d 994, 996 [1991], *lv denied* 78 NY2d 965 [1991]), and the record reveals no reason to exercise our interest of justice jurisdiction with regard to these issues (*see People v Mathis*, 278 AD2d 803, 803 [2000], *lv denied* 96 NY2d 785 [2001]).

Contrary to defendant's contention, the remaining three counts of which he was convicted are supported by legally suf-

ficient evidence. As for defendant's weight of the evidence argument regarding those counts, we consider, first, whether a different verdict would not have been unreasonable and, if so, we then "must, like the trier of fact below, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (*People v Romero*, 7 NY3d 633, 643 [2006] [internal quotation marks and citations omitted]). A different verdict on count two, the crime of incest in the third degree, would have been unreasonable in light of the overwhelming evidence, including the video made by defendant together with defendant's statement acknowledging sex with the victim (and their familial relationship) as well as the victim's testimony regarding their familial relationship and sexual activity (*see People v Kirton*, 36 AD3d 1011, 1013-1014 [2007], *lv denied* 8 NY3d 947 [2007]). Counts one (criminal sale of a controlled substance in the fifth degree) and six (coercion in the first degree) could have reasonably resulted in acquittal. Those convictions turn, at least in part, on the credibility of the victim's testimony. We accord deference to the jury's assessment of her credibility (*see People v Bleakley*, 69 NY2d 490, 495 [1987]) and, upon weighing and considering the evidence as to such counts, we are unpersuaded by defendant's weight of the evidence argument.

Next, we consider defendant's contention that he was denied the effective assistance of counsel. "So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met" (*People v Baldi*, 54 NY2d 137, 147 [1981]; *see People v McDaniel*, 13 NY3d 751, 752 [2009]). " '[C]ounsel's efforts should not be second-guessed with the clarity of hindsight' and . . . our Constitution 'guarantees the accused a fair trial, not necessarily a perfect one' " (*People v Turner*, 5 NY3d 476, 480 [2005], quoting *People v Benevento*, 91 NY2d 708, 712 [1998]). Defense counsel was presented with a difficult case where his client had made a video of his conduct and, upon initial questioning by police, he had told them about the video and acknowledged the sexual activity. Nonetheless, counsel was able to get an acquittal on the count charging a B felony, the most serious charge that defendant faced. Counsel also made a detailed motion regarding the legal sufficiency of the evidence as to counts three and four, preserving for review

an issue upon which he has now prevailed.[2] The cross-examination of the victim raised considerable credibility issues regarding some of her testimony. Three witnesses were produced in an effort to present a defense. Timely objections were asserted. Appropriate motions were made both before and at trial. While representation was less than perfect, the totality of the circumstances reveals that defendant received meaningful representation.

Defendant further urges that County Court erred in denying his CPL article 440 motion without a hearing. He asserted an array of purported errors, ranging from allegations of misrepresentation and use of false evidence by the prosecutor to ineffectiveness by his counsel. The motion was supported by only his affidavit. The record reveals the total lack of merit of his speculative contentions regarding the prosecutor. Moreover, County Court permitted defendant (who is well-acquainted with the criminal justice system) to set forth on the record prior to trial his various complaints about his counsel (many of which he repeated in his motion) and, as noted by County Court in its decision on the CPL article 440 motion, "defendant was very verbose at trial and wasted no opportunity to complain about his defense counsel." The record was sufficiently developed as to this issue and County Court rendered a thorough written decision addressing defendant's various contentions. We find no reversible error (*see People v Glanda*, 18 AD3d 956, 960-961 [2005], *lv denied* 6 NY3d 754 [2005], 6 NY3d 848 [2006]; *People v Alstin*, 239 AD2d 790, 791 [1997], *lv denied* 91 NY2d 868 [1997]; *see also People v Dishaw*, 30 AD3d 689, 691 [2006], *lv denied* 7 NY3d 787 [2006]).

Defendant challenges his sentence as excessive and violative of the US Constitution. At the time that defendant was sentenced as a persistent felony offender (*see* Penal Law § 70.10), the Court of Appeals had upheld the constitutionality of that statute (*see People v Rivera*, 5 NY3d 61 [2005], *cert denied* 546 US 984 [2005]; *People v Rosen*, 96 NY2d 329 [2001], *cert denied* 534 US 899 [2001]; *see also People v Quinones*, 12 NY3d 116 [2009], *cert denied* 558 US —, 130 S Ct 104 [2009]). Recently, the United States Court of Appeals for the Second

---

**2.** The failure to assert that the indictment was duplicitous could have been a legitimate strategy in light of defendant's admitted conduct. His defense was not that the repeated acts did not occur, but that they were all consensual. If counsel had required proof as to each individual occurrence on separate days, he would have exposed his client to potential consecutive sentences for each count; whereas, on the proof as presented, County Court properly imposed concurrent sentences for the multiple counts of which defendant was convicted.

Circuit has held that New York's persistent felony offender sentencing scheme violates the Sixth Amendment under *Apprendi v New Jersey* (530 US 466 [2000]) and its progeny (*Besser v Walsh*, 601 F3d 163, 169 [2010]). In our federal system, an interpretation of federal law by our state's highest court is "no less authoritative than that of the federal court of appeals in whose circuit the [state] court is located" (*Lockhart v Fretwell*, 506 US 364, 376 [1993, Thomas, J., concurring]; *see United States ex rel. Lawrence v Woods*, 432 F2d 1072, 1075-1076 [7th Cir 1970], *cert denied* 402 US 983 [1971]). Stated another way, "[i]n passing on federal constitutional questions, the state courts and the lower federal courts have the same responsibility and occupy the same [position]; there is parallelism but not paramountcy for both sets of courts are governed by the same reviewing authority of the Supreme Court" (*State v Coleman*, 46 NJ 16, 36, 214 A2d 393, 403 [1965], *cert denied* 383 US 950 [1966]). When such conflict[3] exists, we, as a mid-level state appellate court, "are bound by the rulings of our highest court" (*People v Jackson*, 46 AD3d 1110, 1111 [2007], *lv denied* 10 NY3d 766 [2008] [internal quotation marks and citation omitted]; *see People v Wicks*, 73 AD3d 1233, 1236 n [2010]; *People v Brown*, 235 AD2d 344, 344-345 [1997]).

Irrespective of the above, review of the sentencing minutes reveals that, when considering "the history and character of defendant and the nature and circumstances of his criminal conduct" in the second prong of the persistent felony analysis (Penal Law § 70.10 [2]), County Court relied—at least in part—on defendant's conduct as implicated in the two crimes for which we have concluded the evidence was legally insufficient. Those two convictions should no longer be part of the analysis. We thus vacate the sentences and remit for resentencing on the counts that are affirmed herein.

The remaining arguments, to the extent not rendered academic, have been considered and found unavailing.

Cardona, P.J., Mercure, Malone Jr. and Egan Jr., JJ., concur. Ordered that the judgment is modified, on the law, by (1) reversing defendant's convictions of rape in the third degree and criminal sexual act in the third degree under counts three and four of the indictment, and (2) vacating defendant's sentences on counts one, two and six; counts three and four dismissed, sentences imposed thereon vacated and matter remitted to the

---

3. This conflict will continue until resolved by the United States Supreme Court, reconciled by the Court of Appeals upon review after leave to appeal is granted by a Judge of the Court of Appeals or a Justice of the Appellate Division (*see* CPL 460.20 [2] [a]), or the statute is amended by the Legislature.

County Court of Washington County for resentencing on counts one, two and six; and, as so modified, affirmed. Ordered that the order is affirmed.