■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH REYNOLDS, Appellant. [917 NYS2d 401]—

Stein, J. Appeal from a judgment of the Supreme Court (Lawliss, J.), rendered April 27, 2009 in Clinton County, upon a verdict convicting defendant of the crimes of predatory sexual assault against a child, course of sexual conduct against a child in the first degree and endangering the welfare of a child.

Following a jury trial, defendant was convicted of predatory sexual assault against a child, course of sexual conduct against a child in the first degree and endangering the welfare of a child. The charges stemmed from defendant's sexual contact with his girlfriend's then nine-year-old daughter from September 2005 through February 2008. He was sentenced to, among other things, concurrent prison terms of 25 years to life for each sex crime, with a period of postrelease supervision.

Initially, defendant contends that the verdict is against the weight of the evidence. Specifically, defendant contends that the victim's testimony was unconvincing given her delay in reporting the alleged sexual abuse, as well as the fact that she recanted her story. Here, the victim (born in 1996) testified that defendant, who was her mother's live-in boyfriend and father to the victim's half brother, initially subjected her to sexual intercourse in September 2005 while her mother was at work. Thereafter, the victim testified that the abuse, which later also

included oral sex, continued every few weeks until 2008. She provided numerous and specific details, including times and places, regarding defendant's abuse of her. Furthermore, upon being questioned by both the People and defense counsel during trial, the victim explained her delay in reporting the abuse as well as her brief recantation of her accusations against defendant. Such testimony presented a credibility issue for the jury to resolve and we accord due deference to its credibility determinations (*see People v Gathers*, 47 AD3d 959, 960 [2008], *lv denied* 10 NY3d 863 [2008]). Upon our review of this record, we do not find such testimony to be so incredible as to be unworthy of belief.

Aside from the victim's testimony, the victim's mother testified about the victim's changed behavior around the time the abuse began. The mother also recounted an incident when she returned home early from work one evening and witnessed defendant quickly exiting the victim's bedroom—which was consistent with an incident of abuse to which the victim testified. In addition, a nurse practitioner specializing in women's health and gynecology testified that a pelvic examination of the victim evinced scarring and a "complete obliteration" of her hymenal ring, which is indicative of penetration. Moreover, defendant acknowledged in his statement to the police and in his testimony at trial that he may have "accidentally" penetrated the victim on two occasions.

Viewing the evidence in a neutral light, weighing the conflicting testimony and the relative strength of any conflicting inferences that may be drawn, and giving due deference to the jury's credibility assessments, we conclude that the jury was justified in finding defendant guilty beyond a reasonable doubt (*see People v Danielson*, 9 NY3d 342, 348 [2007]; *People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Rosa*, 57 AD3d 1018, 1019 [2008], *lv denied* 12 NY3d 762 [2009]; *People v Pomales*, 49 AD3d 962, 963 [2008], *lv denied* 10 NY3d 938 [2008]).

Nevertheless, we agree with defendant, and the People concede, that his conviction on count two—course of sexual conduct against a child in the first degree (*see* Penal Law § 130.75 [1] [b])—must be dismissed inasmuch as it is a lesser included offense of predatory sexual assault against a child (*see* Penal Law § 130.96; *People v Alford*, 65 AD3d 1392, 1394 [2009], *mod* 14 NY3d 846 [2010]; *People v Beauharnois*, 64 AD3d 996, 1000-1001 [2009], *lv denied* 13 NY3d 834 [2009]).

Mercure, J.P., Spain and Malone Jr., JJ., concur. Ordered that the judgment is modified, on the law, by reversing defendant's conviction of course of sexual conduct against a child in the first

degree under count two of the indictment; said count dismissed and the sentence imposed thereon vacated; and, as so modified, affirmed.