■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEOFFREY M. HEMINGWAY, Appellant. [925 NYS2d 677]—

Kavanagh, J. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered January 27, 2009, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree (three counts) and endangering the welfare of a child.

In May 2008, defendant was charged by indictment with sexual abuse in the first degree (six counts) and endangering the welfare of a child (one count), stemming from allegations that he sexually assaulted the victim (born in 1995), who lived next door to him in a trailer park. After a jury trial, a verdict was rendered convicting defendant of sexual abuse in the first degree (three counts) and endangering the welfare of a child, and acquitting him of the remaining charges. He was subsequently sentenced to aggregate terms of imprisonment totaling 12 years, plus 10 years of postrelease supervision. Defendant now appeals.

Defendant initially claims that his convictions for sexual abuse in the first degree are not supported by the weight of the credible evidence because the victim's testimony, in addition to being uncorroborated, is materially inconsistent with prior statements she made regarding these incidents and had been called into question by testimony given by other witnesses who appeared on behalf of defendant at trial. In essence, the victim claimed that on numerous occasions during a 28-month period that began in June 2005, defendant subjected her to illicit sexual contact. The jury's verdict contains two convictions based on the victim's testimony that defendant, on two separate occasions, used force to subject her to sexual contact (see Penal Law § 130.65 [1]), while the third is based on her claim that defendant subjected her to sexual contact when she was less than 11 years old (see Penal Law § 130.65 [3]).

Contrary to defendant's claim, the victim's testimony regarding his contact with her was corroborated by other evidence admitted at trial. In that regard, we refer to testimony given by the victim's father and defendant's sister-in-law, both of whom described the victim as being visibly upset at a time when she claimed that defendant had sexually assaulted her, and recounted how, upon inquiry, the victim, albeit reluctantly, told them what defendant had allegedly done to her. The father's testimony is particularly compelling in terms of establishing the

intimate nature of defendant's relationship with his daughter.[1] In it, he testified to going to defendant's trailer and, upon entering, seeing defendant suddenly exit from the bedroom and make "a mad dash to get to the bathroom." The father said that, moments later, the victim came out of defendant's bedroom with "her hair all messed up." When viewed in connection with this evidence, the victim's testimony was not "so incredible as to be unworthy of belief" (*People v Reynolds*, 81 AD3d 1166, 1167 [2011]) and provided ample support for the jury's verdict as it relates to three of the four charges for which defendant now stands convicted (*see People v Danielson*, 9 NY3d 342, 348 [2007]; *People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Reynolds*, 81 AD3d at 1167; *People v King*, 79 AD3d 1277, 1278 [2010]; *People v Battease*, 74 AD3d 1571, 1575 [2010], *lv denied* 15 NY3d 849 [2010]).

However, we agree with defendant that even if the jury fully embraced the victim's testimony, it did not provide a legally sufficient basis for concluding that defendant used force to have sexual contact with her as alleged in count six of the indictment, and defendant's conviction for that charge must be reversed (*see* Penal Law § 130.65 [1]).[2] As to that charge, the People were required to prove that defendant used forcible compulsion to have sexual contact with the victim. Forcible compulsion involves either the use of "physical force" or "a threat, express or implied, which places [the victim] in fear of immediate death or physical injury" (Penal Law § 130.00 [8] [a], [b]) in an effort to force the victim to submit to a defendant's advances. And, in determining whether an implied threat existed that was legally sufficient to constitute forcible compulsion, an inquiry must be made "into what a victim feared a defendant might have done if he or she did not comply," and "must consider all relevant factors includ[ing] the age of the victim, the relative size and strength of the defendant and victim, and the nature of the defendant's relationship to the victim" (*People v Porter*, 82 AD3d 1412, 1413 [2011] [internal quotation marks and citations omitted]; *see People v Thompson*, 72 NY2d 410, 416 [1988]; *People v Clairmont*, 75 AD3d 920, 921 [2010], *lv denied* 15 NY3d 919 [2010]; *People v Maggio*, 70 AD3d 1258,

---

1. Defendant's conviction for the conduct that was the subject of the father's testimony must be reversed (count six) for reasons that are totally unrelated to the credibility of his testimony.

2. While defendant's challenge to the legal sufficiency of this particular charge has not been preserved, based upon our review of the record, we nevertheless exercise our interest of justice jurisdiction (*see* CPL 470.15 [6]; *People v Bruno*, 63 AD3d 1297, 1299 [2009], *lv denied* 13 NY3d 858 [2009]; *People v Chapman*, 54 AD3d 507, 508 [2008]).

1258-1259 [2010], *lv denied* 14 NY3d 889 [2010]; *People v Chapman*, 54 AD3d at 508-509). Here, as to this particular charge, the victim does not allege that defendant used force or expressly threatened her during this encounter; instead, she acknowledged going to defendant's trailer of her own accord and entering his bedroom where she laid down on the bed because she wanted to be with him. She indicated that defendant followed her into the bedroom, exposed himself and then engaged in inappropriate sexual contact with her. She admitted not resisting his advances and stated that she went to the bedroom of his trailer because she wanted to "fool around" with him. Even taking into account the victim's age, her prior contact with defendant and the expert testimony introduced by the People on this issue, defendant's conviction of this particular charge must be reversed because this evidence did not provide a legally sufficient basis that he used force, either expressed or implied, to have sexual contact with the victim (*see People v Fuller*, 50 AD3d 1171, 1175 [2008], *lv denied* 11 NY3d 788 [2008]).

Defendant also argues that the victim's trial testimony rendered some of the charges contained in the indictment duplicitous and that his conviction for endangering the welfare of a child must be reversed because it is a lesser included offense of sexual abuse in the first degree. Contrary to defendant's contention, endangering the welfare of a child is not a lesser included charge of sexual abuse in the first degree. To obtain a conviction for endangering the welfare of a child, the People must prove that defendant "knowingly act[ed] in a manner likely to be injurious to the physical, mental or moral welfare of a child less than [17] years old" (Penal Law § 260.10 [1]), an element not required in a prosecution for sexual abuse (*see* Penal Law § 130.35 [1], [3]; *People v Beauharnois*, 64 AD3d 996, 1001 [2009], *lv denied* 13 NY3d 834 [2009]; *see also People v Scott*, 67 AD3d 1052, 1055 [2009], *affd* 16 NY3d 589 [2011]). As for defendant's claim regarding duplicity, no such objection was made during the trial and, as a result, this issue has not been preserved for our review (*see People v Battease*, 74 AD3d at 1574; *People v Shofkom*, 63 AD3d 1286, 1288 [2009], *lv denied* 13 NY3d 799 [2009], *lv dismissed* 13 NY3d 933 [2010]; *People v Tomlinson*, 53 AD3d 798, 799 [2008], *lv denied* 11 NY3d 835 [2008]).

Defendant was not, as he claims, denied the effective assistance of counsel. Not only was he acquitted on three of the most serious charges contained in the indictment, but his counsel throughout the trial put forth a defense consistent with defendant's innocence and, in particular, provided meaningful repre-

sentation by the manner in which he conducted the delicate and often difficult task of cross-examining a child who claimed to have been the victim of a sexual assault (*see People v Benevento*, 91 NY2d 708, 714 [1998]; *People v Baldi*, 54 NY2d 137, 146 [1981]; *People v Elwood*, 80 AD3d 988, 990 [2011]; *People v Battease*, 74 AD3d at 1575-1576). Finally, considering the nature of the conduct for which defendant stands convicted and the impact it has had and will inevitably have on this victim,[3] the sentence imposed was not harsh and excessive (*see People v King*, 79 AD3d at 1280; *People v Sabin*, 73 AD3d 1390, 1391 [2010], *lv denied* 15 NY3d 809 [2010]).

Mercure, J.P., Rose, Lahtinen and McCarthy, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reversing defendant's conviction of sexual abuse in the first degree under count six of the indictment; said count dismissed and the sentence imposed thereon vacated; and, as so modified, affirmed.

---

3. Defendant also had a prior conviction of forcible touching in 2002.