■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM R. IZZO III, Appellant. [961 NYS2d 333]—

Spain, J. Appeal from a judgment of the County Court of Franklin County (Main Jr., J.), rendered March 28, 2011, upon a verdict convicting defendant of the crimes of criminal sexual act in the first degree, sexual abuse in the first degree and endangering the welfare of a child.

Defendant, a former friend of the victim's father, lived with the victim (born in 2001) and her family in their home in the Village of Malone, Franklin County for approximately a month in early 2007. During this time, defendant occasionally babysat the victim and her four siblings. Several years later, in the spring of 2010, the victim disclosed that, while living with her family, defendant entered her bedroom where she shared a bed with her sister and made contact with her genitals using his mouth, hands and penis. Defendant was convicted, after a jury trial, of criminal sexual act in the first degree, endangering the welfare of a child and sexual abuse in the first degree and sentenced to concurrent prison terms of 25 years followed by five years of postrelease supervision for criminal sexual act in the first degree, one year for endangering the welfare of a child and seven years with three years of postrelease supervision for sexual abuse in the first degree. On defendant's appeal, we affirm.

First, we address defendant's claim that a particular juror should have not have been excused for cause, over defense counsel's objection, for having "a state of mind that is likely to preclude him [or her] from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20 [1] [b]). During voir dire, the juror at issue answered affirmatively when asked whether he might have a problem deciding a case based upon the testimony of a single child witness. Thereafter, when asked again, along with several other jurors, whether, if the case "comes down to primarily the testimony of one single child they still don't think they could convict just on that," the subject juror responded, "I don't know."

Generally, "when potential jurors reveal knowledge or opinions reflecting a state of mind likely to preclude impartial service, they must in some form give unequivocal assurance

that they can . . . render an impartial verdict based on the evidence," or else the trial judge should excuse such juror (*People v Johnson*, 94 NY2d 600, 614-616 [2000]). "[A] 'trial court should lean toward disqualifying a prospective juror of dubious impartiality, rather than testing the bounds of discretion' " (*People v Scott*, 16 NY3d 589, 595 [2011], quoting *People v Branch*, 46 NY2d 645, 651 [1979]), because "even where the court errs on the side of caution, 'the worst the court will have done . . . is to have replaced one impartial juror with another impartial juror' " (*People v Burdo*, 256 AD2d 737, 742 [1998], quoting *People v Culhane*, 33 NY2d 90, 108 n 3 [1973]). Here, the juror's uncertain responses as to whether he could convict on the basis of only one child witness clearly justified County Court's decision to excuse him for cause.

Defendant also argues that the verdict was not supported by legally sufficient evidence[1] and was against the weight of the evidence. Given that, in our view, a different verdict would not have been unreasonable, we must "weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony," while giving great deference to the jury's credibility determinations (*People v Bleakley*, 69 NY2d 490, 495 [1987] [internal quotation marks and citation omitted]). Here, "defendant does not dispute that evidence of the elements of the crimes charged was presented through the trial testimony of the victim" (*People v Smith*, 272 AD2d 713, 715 [2000], *lv denied* 95 NY2d 871 [2000]), but instead argues that the victim's testimony required corroboration and, in any event, was incredible. Contrary to defendant's contention on appeal, the then nine-year-old victim was competent to testify under oath and such testimony did not require corroboration. Indeed, only when a witness is less than nine years old and is not qualified by the court to understand the nature of an oath is the ensuing unsworn testimony deemed insufficient to sustain a conviction absent corroboration (*see* CPL 60.20 [2], [3]; *People v Artis*, 90 AD3d 1240, 1240 [2011], *lv denied* 18 NY3d 955 [2012]).

Further, our review of the trial transcript persuades us that the jury was justified in crediting the victim's testimony and the verdict was not against the weight of the evidence. In arguing that the victim's testimony was unworthy of belief, defend-

---

**1.** Defendant's legal sufficiency arguments are not preserved (*see People v Gray*, 86 NY2d 10, 19 [1995]). We necessarily review the sufficiency of the proof adduced at trial, however, in the context of resolving defendant's claim that the verdict was against the weight of the credible evidence (*see People v Warner*, 69 AD3d 1052, 1053 n 1 [2010], *lv denied* 14 NY3d 894 [2010]).

ant relies on minor inconsistencies between the victim's testimony, her prior statements and her mother's testimony— such as the name of the social worker that the victim first told about the abuse, whether the victim's family had access to the basement in their home, the precise length of time that defendant stayed at the victim's house and whether the victim's pajamas were fully off or just unzipped. We do not find these inconsistencies material or even particularly significant in light of this young—age five at the time of the abuse—victim's very consistent and specific description of the actual abuse. "[W]e have long recognized that it is not uncommon for young children to be uncertain and even inconsistent in their trial testimony" (*People v Beauharnois*, 64 AD3d 996, 998 [2009], *lv denied* 13 NY3d 834 [2009] [internal quotation marks and citations omitted]). Accordingly, we hold that the verdict was not against the weight of the evidence (*see People v Warner*, 69 AD3d 1052, 1054 [2010], *lv denied* 14 NY3d 894 [2010]; *People v Beauharnois*, 64 AD3d at 998-999; *People v Bush*, 57 AD3d 1119, 1120 [2008], *lv denied* 12 NY3d 756 [2009]).

Next, we reject defendant's argument that he was deprived of the effective assistance of counsel, as he did not meet his burden of " 'demonstrat[ing] the absence of strategic or other legitimate explanations' for counsel's allegedly deficient conduct" (*People v Caban*, 5 NY3d 143, 152 [2005], quoting *People v Rivera*, 71 NY2d 705, 709 [1988]). Defendant relies first on defense counsel's failure to introduce prior inconsistent statements of the victim during cross-examination. As previously discussed, the alleged inconsistencies pertained only to immaterial aspects of the victim's testimony. Further, counsel did cross-examine the victim about some of these statements and she explained that she could not remember them. We find the decision not to badger a child victim of sexual abuse—about largely immaterial inconsistent statements that she professes not to remember—to be a sound trial strategy, especially in light of "the delicate and often difficult task of cross-examining a child who claimed to have been the victim of a sexual assault" (*People v Hemingway*, 85 AD3d 1299, 1303 [2011]; *see People v King*, 79 AD3d 1277, 1280 [2010], *lv denied* 16 NY3d 860 [2011]). Likewise, defendant has not demonstrated that counsel's failure to promptly object to the People's use of leading questions on direct examination of the victim lacked a strategic basis, given that the use of leading questions when directly examining a child sex abuse victim is not always improper (*see People v Porlier*, 55 AD3d 1059, 1062 [2008]; *People v Mendoza*, 49 AD3d 559, 561 [2008], *lv denied* 10 NY3d 937 [2008]). Defendant's claim that his counsel failed to prepare or call potential wit-

nesses is also unavailing, as defendant does not proffer any specific advantage of such testimony. Overall, we find that counsel provided meaningful representation to defendant, including seeking a trial order of dismissal that resulted in dismissal of two counts of the indictment[2] (*see People v Blond*, 96 AD3d 1149, 1153 [2012], *lv denied* 19 NY3d 1101 [2012]; *People v Muniz*, 93 AD3d 871, 875-876 [2012], *lv denied* 19 NY3d 965 [2012]).

Finally, given the nature of the crimes committed against this young, vulnerable victim, defendant's significant criminal history—which includes a prior sex offense against a two-year-old female—and his refusal to accept accountability for his crimes, we cannot find that County Court's decision to sentence him to the maximum allowable sentence was harsh or excessive (*see* Penal Law § 70.00 [2]; *People v Rhodes*, 91 AD3d 1185, 1188 [2012], *lv denied* 19 NY3d 966 [2012]; *People v Edwards*, 38 AD3d 1133, 1134 [2007], *lv denied* 9 NY3d 864 [2007]). Although defendant was offered a plea bargain arrangement that would have resulted in a sentence of seven years, given that the offer was likely inspired by the incentive not to put this young victim through the ordeal of a trial, we find that the sentence ultimately imposed was not a penalty for defendant's exercise of his right to a trial, but a fair response to the nature of the crime and defendant's criminal history (*see People v Blond*, 96 AD3d at 1153-1154).

Mercure, J.P., Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.

---

2. Defendant was indicted for criminal sexual act in the first degree, endangering the welfare of a child, two counts of sexual abuse in the first degree and attempted rape in the first degree. At the close of their case, the People consented to dismissal of the attempted rape count and to consolidation of the two counts of sexual abuse, achieved by dismissal of the fourth count of the indictment.