THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH A. FOULKES, Appellant. [986 NYS2d 634]—

Garry, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered May 9, 2011, upon a verdict convicting defendant of the crimes of criminal sexual act in the second degree, forcible touching and endangering the welfare of a child.

In June 2010, defendant, then age 31, picked up the victim (born in 1995) from her house and drove her to the apartment where he lived with his fiancée, who is the victim's older sister, and their infant daughter. The victim babysat the infant that evening while defendant attended a meeting, and he later drove her home. The following evening, the victim communicated to her older brother that, when defendant returned from his meeting the night before, he lay down on the bed next to her and engaged her in various sexual acts; he kissed her, then removed articles of her clothing, sucked on her breasts, put her hand over his erect penis through his pants, and began to perform oral sex on her, stopping when she pushed his head away. Upon hearing this, and with the victim's consent, her brother contacted their father and the police. Defendant was thereafter charged by indictment with criminal sexual act in the second degree, forcible touching and endangering the welfare of a child. Following a jury trial, defendant was convicted as charged. He was later sentenced to a prison term of seven years, followed by 10 years of postrelease supervision, for the conviction of criminal sexual act in the second degree, and concurrent terms of one year for each of the other offenses. Defendant appeals.

Defendant contends that the convictions are against the weight of the evidence because the victim's uncorroborated testimony was unworthy of belief and there was a lack of DNA evidence. As a different verdict would not have been unreasonable, viewing the evidence in a neutral light, we "weigh the relative probative force of conflicting testimony and the relative

strength of conflicting inferences that may be drawn from the testimony" (*People v Bleakley*, 69 NY2d 490, 495 [1987] [internal quotation marks and citation omitted]; *accord People v Patterelli*, 68 AD3d 1151, 1152-1153 [2009]). Given the lack of physical evidence or witnesses, factors that are not uncommon in sexual assaults, the victim's testimony and credibility was a central issue for the jury—and after hearing defendant's contradictory testimony, the jury found her credible (*see People v Fernandez*, 106 AD3d 1281, 1282-1283, 1285 [2013]; *see also People v Russell*, 116 AD3d 1090, 1092 [2014]). According great deference to the jury's opportunity to view the victim's testimony and assess her credibility, we do not find that defendant's conviction was against the weight of the evidence (*see People v Jabaut*, 111 AD3d 1140, 1144 [2013], *lv denied* 22 NY3d 1139 [2014]; *People v Clairmont*, 75 AD3d 920, 923 [2010], *lv denied* 15 NY3d 919 [2010]; *People v Caba*, 66 AD3d 1121, 1122-1123 [2009]).

We are not persuaded by defendant's further contention that trial counsel provided ineffective assistance by failing to adequately cross-examine the victim, and thus undermine her credibility. Considering the difficulties posed in cross-examining this young victim and the potential for alienating the jury, defendant has failed to show "an absence of strategic or other legitimate explanations for counsel's allegedly deficient conduct" (*People v Lapi*, 105 AD3d 1084, 1086 [2013], *lv denied* 21 NY3d 1043 [2013] [internal quotation marks and citations omitted]; *see People v Izzo*, 104 AD3d 964, 967 [2013], *lv denied* 21 NY3d 1005 [2013]; *People v Hemingway*, 85 AD3d 1299, 1302-1303 [2011]). Nor do we find that counsel's failure to object to the People's summation constituted ineffective assistance. The challenged remarks, made in response to defense counsel's summation, did not exceed the limits of fair comment on the evidence and were not so flagrant or pervasive as to deprive defendant of a fair trial (*see People v Jabaut*, 111 AD3d at 1146-1147; *People v Lamont*, 21 AD3d 1129, 1131-1132 [2005], *lv denied* 6 NY3d 835 [2006]; *People v Graham*, 161 AD2d 836, 838 [1990], *lv denied* 76 NY2d 788 [1990]).

Defendant's sentence is not harsh or excessive. The fact that the sentence imposed is longer than one rejected during plea negotiations does not establish that defendant was punished for exercising his constitutional right to trial (*see People v Izzo*, 104 AD3d at 968; *People v Sapienza*, 91 AD3d 988, 989 [2012]). Further, County Court's imposition of the maximum possible term of postrelease supervision is well supported, considering the nature of the crime, defendant's prior criminal history, and his

failure to accept responsibility or express remorse for his actions. We find no abuse of discretion by the sentencing court or extraordinary circumstances warranting modification (*see People v Watson*, 115 AD3d 1016, 1017 [2014]; *People v Jaeger*, 96 AD3d 1172, 1175 [2012], *lv denied* 19 NY3d 997 [2012]).

Lahtinen, J.P., Stein and Rose, JJ., concur. Ordered that the judgment is affirmed.