■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS FIELDS, Appellant. [19 NYS3d 293]—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Rooney, J.), rendered April 16, 2010, convicting him of predatory sexual assault (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his conviction of two counts of predatory sexual assault because the prosecution failed to establish his identity as the perpetrator of those crimes is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's identity beyond a reasonable doubt (see People v Wiggs, 130 AD3d 659 [2015]; People v Viera, 109 AD3d 844, 845 [2013]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Contrary to the defendant's contentions, raised in his main brief and in his pro se supplemental brief, upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 644 [2006]).

The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).

The defendant's contention, raised in point I of his pro se supplemental brief, that the superseding indictment contained multiplicitous counts is unpreserved for appellate review and, in any event, without merit.

The defendant's contention, raised in points I and II of his pro se supplemental brief, that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109 [2011]). It is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (see People v DeMicheli, 129 AD3d 743, 744 [2015]). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10

proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805, 806 [2012]). Dillon, J.P., Miller, Maltese and LaSalle, JJ., concur.