Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered June 21, 2013, convicting her of endangering the welfare of a child, upon a jury verdict, and imposing sentence.
 

 Ordered that the judgment is affirmed.
 

 On this direct appeal from a judgment of conviction, the defendant contends that her counsel’s failure to call a medical expert in support of her defense, and counsel’s failure to confront the People’s expert witnesses with certain authoritative medical and scientific literature on cross-examination, deprived her of the effective assistance of counsel. In order to resolve the defendant’s claim, this Court would be required to speculate on the medical opinion of a defense expert (see People v Smith, 126 AB3d 1528, 1530 [2015]), and would have to consider medical and scientific literature outside the record. Since the defendant’s claim cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the ineffective assistance claim in its entirety (see People v Fields, 132 AD3d 1012, 1012-1013 [2015]; People v Freeman, 93 AD3d 805, 806 [2012]; People v Maxwell, 89 AD3d 1108, 1109 [2011]; see also People v Caldavado, 26 NY3d 1034, 1036-1037 [2015]; People v Bailey, 144 AD3d 1562 [2016]).
 

 We agree with the defendant that the Supreme Court improvidently exercised its discretion in allowing the People to display the injured child to the jury during the mother’s testimony, since the extent of the child’s long-term injuries was not an element of the crime (see Penal Law § 260.10 [1]; People v Johnson, 95 NY2d 368, 371 [2000]; People v Simmons, 92 NY2d 829, 830 [1998]), and such display only served to prejudice the defense by arousing the emotions of the jury (see generally People v Wood, 79 NY2d 958, 960 [1992]; People v Stevens, 76 NY2d 833, 835 [1990]). Nevertheless, the error was harmless (see People v Crimmins, 36 NY2d 230, 241-242 [1975]). Given the extensive and uncontroverted medical evidence supporting the diagnosis of shaken baby syndrome and that the child’s injuries could have only occurred when the child was with the defendant, the evidence of the defendant’s guilt was overwhelming. Moreover, there is no significant probability that the jury would have acquitted the defendant had it not been for the error (see id. at 241-242).
 

 The defendant’s remaining contentions are unpreserved for appellate review, and we decline to review them in the exercise of our interest of justice jurisdiction.
 

 Chambers, J.P., Austin, Hinds-Radix and Barros, JJ., concur.