People v Sanchez (2018 NY Slip Op 06052)

People v Sanchez

2018 NY Slip Op 06052 [32 NY3d 1021]

September 13, 2018

Court of Appeals

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, December 12, 2018

[*1]

The People of the State of New York, Respondent,
v
Alexis Sanchez, Appellant.

Decided September 13, 2018

People v Sanchez, 157 AD3d 107, affirmed.

APPEARANCES OF COUNSEL

Law Office of Richard Wojszwilo, Austin, Texas (Richard Wojszwilo of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Andrew J. Zapata of counsel), for respondent.

{**32 NY3d at 1022} OPINION OF THE COURT

Memorandum.
The order of the Appellate Division should be affirmed.
[1] The Appellate Division stated the correct standard of review when it concluded that
"viewing the evidence presented at trial in a neutral light . . . , and weighing the relative probative force of the conflicting testimony and evidence, as well as the relative strength of the conflicting inferences to be drawn therefrom, and according deference to the jury's opportunity to view the witnesses, hear their testimony and observe their demeanor, . . .{**32 NY3d at 1023}
"the jury was justified in finding that the People sustained their burden of disproving defendant's justification defense beyond a reasonable doubt" (157 AD3d 107, 116, 118 [1st Dept 2017]; see People v Romero, 7 NY3d 633, 643-644 [2006]; People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]).
To the extent the Appellate Division cited to certain prior decisions (see 157 AD3d at 109, citing People v Castillo, 223 AD2d 481, 481 [1st Dept 1996], People v Bartley, 219 AD2d 566, 567 [1st Dept 1995], lv denied 87 NY2d 898 [1995], and People v Corporan, 169 AD2d 643, 643 [1st Dept 1991], lv denied 77 NY2d 959 [1991]) containing language that is inconsistent with our more recent guidance regarding weight of the evidence (see People v Delamota, 18 NY3d 107, 116-117 [2011]), those decisions should not be followed.
[2] [*2]Nevertheless, a review of the Appellate Division's analysis demonstrates that it applied the correct standard from Romero and Bleakley, which involves a "two-step approach" wherein a court must (1) "determine whether, based on all the credible evidence, an acquittal would not have been unreasonable"; and (2) "weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (157 AD3d at 108-109, citing People v Danielson, 9 NY3d 342, 348 [2007], Romero, 7 NY3d at 643, and Bleakley, 69 NY2d at 495). Thus, the incorrect language, in the context of the Court's written decision as a whole, did not "manifest a lack of application of that review power [to] which appellants are entitled" (Bleakley, 69 NY2d at 496; see Romero, 7 NY3d at 646).
[3] Defendant's claim that his motion to suppress certain statements to the police was improperly denied is without merit. There is sufficient record support for the lower courts' findings that the confidential informant had a basis for his knowledge of the information he transmitted (see People v Johnson, 66 NY2d 398, 403 [1985]) and that such information was reliable (see People v DiFalco, 80 NY2d 693, 696-699 [1993]; People v Rodriguez, 52 NY2d 483, 489-490 [1981]).

Wilson, J. (dissenting). Mr. Sanchez was convicted of second-degree murder and possession of a weapon. There is no dispute that he fired the fatal shots; the question is whether the People proved beyond a reasonable doubt that he was not justified in{**32 NY3d at 1024} doing so. Two Justices of the Appellate Division concluded the evidence was not sufficient to convict him; three thought it was. I agree with the majority (of our Court) that much of the Appellate Division's opinion misstates the law. I also agree with the majority that much of the Appellate Division's opinion correctly states the law. My disagreement is what to do about it. The factual record below is complex; the correct and incorrect legal propositions are more like a soup than a sandwich, so that we cannot disassemble it to find the meat. Moreover, the Appellate Division split 3-2. A majority of our Court concludes, without directly saying so, that none of the three Justices in the majority below would vote differently if the incorrect statements were excised from the opinion. I do not know that, and do not know how we can know that. But I do know who does know that, and I know where to find them. I would therefore remit to the Appellate Division to apply the unambiguously correct legal standard.[FN1]
First, the majority and I agree that the Appellate Division incorrectly stated that "reversal of a judgment of conviction on weight of the evidence review is not warranted in the absence of record evidence indicating that the [*3]jury's findings of credibility and fact were manifestly erroneous and so plainly unjustified by the evidence that rejection is required in the interest of justice" (People v Sanchez, 157 AD3d 107, 109 [1st Dept 2017] [internal quotation marks omitted]). In support of that erroneous statement, the Appellate Division cited only a trio of its own cases that predated our decision in People v Romero (7 NY3d 633 [2006]) by a decade. We reiterated the governing standard fairly recently: weight of the evidence review
"requires the court to affirmatively review the record; independently assess all of the proof; substitute its own credibility determinations for those made by the jury in an appropriate case; determine whether the verdict was factually correct; and acquit a defendant if the court is not convinced that the jury was justified in finding that guilt was proven beyond a reasonable doubt" (People v Delamota, 18 NY3d 107, 116-117 [2011] [emphasis added]).
An appellate court's obligation to "weigh the relative probative force of conflicting testimony and the relative strength of{**32 NY3d at 1025} conflicting inferences" is mandatory and nondelegable; it cannot be abdicated to the jury below, even in the exercise of the appellate court's own discretion (People v Bleakley, 69 NY2d 490, 495 [1987]).
However, directly before the Appellate Division's erroneous articulation of the governing legal standard, the opinion identified the correct Romero-Bleakley standard. Both standards are recounted back-to-back under the section of the opinion with the heading "Standards of Review." How do we know whether the Appellate Division applied the first, the second, or something in between?
Later, in section III (titled "Weight of the Evidence Review"), the Appellate Division correctly cites Romero and Bleakley (see Sanchez, 157 AD3d at 113-119). But in the same section, the Appellate Division majority distinguishes its analysis from the dissent's by making another incorrect statement of law: "In isolating discrete portions of the overall trial testimony and evidence that it deems to be significant while ignoring the remainder of the evidence presented at trial, the dissent puts itself in the perilous position of substituting its view of the evidence for that of the jury," concluding: "[t]hat is not the role of [the Appellate Division] in a weight of the evidence review" (Sanchez, 157 AD3d at 119). Yet this is precisely what the Appellate Division must do in assessing the evidence (other than questions of credibility involving live witnesses)[FN2] and the inferences to be drawn therefrom (see Delamota, 18 NY3d at 116-117; People v Danielson, 9 NY3d 342, 348 [2007]; see also People v Romero, 7 NY3d 633, 645-646 [2006] [discussing how this Court has "disavowed" its "precedent suggesting that the jury was 'the ultimate tribunal' for resolving controverted questions of fact"]). The Appellate Division majority's distinction of the {**32 NY3d at 1026}dissent, which is based on an error of law, gives one pause about the soundness of the result.
[*4]
In People v Bleakley, we explained that "where the order and writings of the intermediate appellate court manifest a lack of application of that review power which appellants are entitled to, then we reverse and remit" (69 NY2d 490, 496 [1987]). Here, perhaps it does; perhaps it does not. Only the Appellate Division, armed with the correct standard, can apply that standard to the facts and determine whether the result should remain the same or change. Faced with the decision's analytical ambiguity, I am puzzled as to why we do not take the small step of remitting, to make sure that Mr. Sanchez has been afforded the appellate review to which he is entitled. If he has already received it, the Appellate Division will have very little to do; if he has not, it would surely be a good decision to remit.
Chief Judge DiFiore and Judges Stein, Fahey, Garcia and Feinman concur; Judge Wilson dissents in an opinion in which Judge Rivera concurs.
On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order affirmed, in a memorandum.

Footnotes

Footnote 1:I agree that Mr. Sanchez's motion to suppress certain statements lacks merit.

Footnote 2:The most important evidence in the case did not turn on live witnesses or their credibility. Instead, it consisted of: (1) defendant's videotaped statement (which the Appellate Division was just as well-positioned to observe as any jury), (2) his prior inconsistent statements to Detective Schlosser (presented as hearsay through Schlosser's testimony), and (3) the inferences to be drawn from the forensic evidence recovered at the scene (presented by an Office of Chief Medical Examiner specialist whose credibility was not seriously disputed). With respect to this type of evidence, the policy arguments for deferring to the jury's own conclusions all but disappear (cf. People v Sanducci, 195 NY 361, 367 [1909]; People v Gaimari, 176 NY 84, 94 [1903]). Granting the jury deference as to the force of that evidence would deprive Mr. Sanchez of the independent review of the record to which he is entitled. Rather, our precedents require the Appellate Division independently to decide what inferences and conclusions to draw from that evidence.