People v Champion (2019 NY Slip Op 03197)





People v Champion


2019 NY Slip Op 03197


Decided on April 26, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., DEJOSEPH, NEMOYER, AND CURRAN, JJ.


423 KA 17-00564

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TERRY L. CHAMPION, DEFENDANT-APPELLANT. 






ROSEMARIE RICHARDS, GILBERTSVILLE, FOR DEFENDANT-APPELLANT.
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Steuben County Court (Marianne Furfure, A.J.), rendered January 17, 2017. The judgment convicted defendant, upon a jury verdict, of driving while ability impaired by drugs. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of driving while ability impaired by drugs (Vehicle and Traffic Law § 1192 [4]). Upon our independent review of the evidence in light of the elements of the crime as charged to the jury (see People v Kancharla, 23 NY3d 294, 302-303 [2014]; People v Danielson, 9 NY3d 342, 349 [2007]; see generally People v Sanchez, 32 NY3d 1021, 1023 [2018]), we conclude that an acquittal would have been unreasonable (see People v President, 59 Misc 3d 134[A], 2018 NY Slip Op 50488[U], *1-2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018], lv denied 31 NY3d 1120 [2018]; see also People v Whitehead, 119 AD3d 1080, 1081 [3d Dept 2014], lv denied 24 NY3d 1048 [2014]). The verdict is thus not against the weight of the evidence (see generally People v Wheeler, 159 AD3d 1138, 1140 [3d Dept 2018], lv denied 31 NY3d 1123 [2018]).
We reject defendant's contention that, during the traffic stop preceding his arrest, the police were not authorized under People v De Bour (40 NY2d 210 [1976]) to ask him whether he possessed anything dangerous or illegal, and that County Court should have therefore suppressed his incriminatory response to that question. Defendant concedes that police had at least reasonable suspicion that he was driving while intoxicated and/or ability impaired before asking the question that prompted his inculpatory admission and, "given the existence of reasonable suspicion, the [police] necessarily possessed the lesser founded suspicion of criminality, giving them the common-law right to inquire whether defendant had anything illegal" (People v Cavanagh, 97 AD3d 980, 981 [3d Dept 2012], lv denied 19 NY3d 1101 [2012]). Contrary to defendant's further contention, the court properly refused to suppress the results of his field sobriety and chemical blood tests on Miranda grounds given that "Miranda warnings are not required to allow the results of [such] tests into evidence" (People v Berg, 92 NY2d 701, 703 [1999]).
Defendant's remaining contention is not preserved for our review, and we decline to exercise our power to address it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Entered: April 26, 2019
Mark W. Bennett
Clerk of the Court