<partyblock>

The People of the State of New York, Respondent,  

against

Heallah Broadhead, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (James M. Burke, J.), rendered June 27, 2013, after a nonjury trial, convicting him of attempted criminal possession of a controlled substance in the seventh degree, and imposing sentence.

Per Curiam.

Judgment of conviction (James M. Burke, J.), rendered June 27, 2013, affirmed.

The verdict convicting defendant of attempted criminal possession of a controlled substance in the seventh degree (see Penal Law  110.00/220.03) was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Credibility determinations of the factfinder are entitled to great deference and should not be disturbed unless manifestly erroneous and so plainly unjustified by the evidence that rejection is required in the interest of justice (see People v Sanchez, 157 AD3d 107, 109 [2017], affd 32 NY3d 1021 [2018]). Such was not the case herein. Contrary to defendant's contention, the trial court's reference to arresting officer's "horrendous" candor was clearly a reflection on his combative testimony during cross-examination, not the officer's credibility, which the court explicitly found reliable after the suppression hearing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur  

Decision Date: October 16, 2019

<form method="LINK" action="../../slipidx/at_1_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>