People v Randolph (2020 NY Slip Op 00881)





People v Randolph


2020 NY Slip Op 00881


Decided on February 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
JOHN M. LEVENTHAL
JOSEPH J. MALTESE, JJ.


2014-05564
 (Ind. No. 328/12)

[*1]The People of the State of New York, respondent,
v
Edward Randolph, appellant.


Paul Skip Laisure, New York, NY (Samuel Barr of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart and Anne Grady of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Robert Collini, J.), rendered May 23, 2014, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
On the evening of November 30, 2012, an eyewitness observed a man wearing a brown jacket with white fur on the jacket's hood and sleeves engaged in an argument with another person on Barker Street on Staten Island. During this argument, the eyewitness saw the man in the brown jacket remove a gun from his jacket pocket and move onto the porch of a house on Barker Street. The eyewitness called the police, and officers arrived on Barker Street in an unmarked car within minutes. One officer observed the defendant, who matched the description given by the eyewitness, standing on the porch of the house on Barker Street, holding a revolver. The defendant was arrested, and a revolver was recovered from the spot on the porch where the defendant had been standing. The defendant was subsequently tried and convicted of one count of criminal possession of a weapon in the second degree (Penal Law § 265.03). This appeal followed.
The defendant's contention that the evidence was legally insufficient to support a conviction of criminal possession of a weapon in the second degree is unpreserved for appellate review (see People v Gray, 86 NY2d 10, 19). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410); People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romeo, 7 NY3d 633). Testimony from both the eyewitness and the police officer who responded to the call to the 911 emergency number placed the defendant on the front porch of the home where the arrest was made and where the gun was recovered. While the [*2]defendant testified that he was never on that porch and denied ownership of both the jacket that was used to identify him and the revolver recovered on the porch by the police, the testimony of the eyewitness, the responding police officer, and the defendant himself established that, while there were other men in the vicinity on the night of the defendant's arrest, none of the other men was wearing a jacket similar to the one the defendant was wearing and none of the other men was seen with a gun. In addition, the defendant's arguments regarding the lack of DNA or fingerprint evidence are misplaced, as the People are not required to prove their case through any particular means, and speculation on the part of the jurors regarding the absence of such evidence would have been impermissible (see People v Rodriguez, 174 AD2d 582, 582; People v Wallace, 152 AD2d 713, 714).
SCHEINKMAN, P.J., MASTRO, LEVENTHAL and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court