People v Beckwith (2020 NY Slip Op 02395)





People v Beckwith


2020 NY Slip Op 02395


Decided on April 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


98 KA 17-01699

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAVONNE BECKWITH, DEFENDANT-APPELLANT.






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (LINDA M. CAMPBELL OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (DARIENN P. BALIN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered June 30, 2017. The judgment convicted defendant upon a jury verdict of resisting arrest and perjury in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the facts by reversing that part convicting defendant of perjury in the first degree and dismissing count five of the indictment and as modified the judgment is affirmed and the matter is remitted to Supreme Court, Onondaga County, for proceedings pursuant to CPL 470.45.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, perjury in the first degree (Penal Law
§ 210.15), defendant contends that the verdict is against the weight of the evidence as to that crime. "A person is guilty of perjury in the first degree when he [or she] swears falsely and when his [or her] false statement (a) consists of testimony, and (b) is material to the action, proceeding or matter in which it is made" (id.). Insofar as relevant here, a "person swears falsely' when he [or she] intentionally makes a false statement which he [or she] does not believe to be true" (§ 210.00 [5]). We agree with defendant that the People failed to prove, beyond a reasonable doubt, that any of his allegedly perjurious statements to the grand jury were actually false. We therefore conclude that, viewing the evidence independently and in light of the elements of perjury in the first degree as charged to the trial jury, the verdict convicting defendant of that crime is against the weight of the evidence (see generally People v Danielson, 9 NY3d 342, 348-349 [2011]; People v Gonzalez, 174 AD3d 1542, 1544-1545 [4th Dept 2019]). As we recently observed in analogous circumstances, "[a]lthough the People may have proved that defendant is probably guilty, the burden of proof in a criminal action is, of course, much higher than probable cause; the prosecution is required to prove a defendant's guilt beyond a reasonable doubt, and the evidence in this case does not meet that high standard" (People v Carter, 158 AD3d 1105, 1106 [4th Dept 2018]). We thus modify the judgment accordingly. Defendant's remaining contentions do not require reversal or further modification of the judgment.
Entered: April 24, 2020
Mark W. Bennett
Clerk of the Court