People v Dexter (2021 NY Slip Op 00669)





People v Dexter


2021 NY Slip Op 00669


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, NEMOYER, CURRAN, AND DEJOSEPH, JJ.


55 KA 18-00300

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LEMORRIS DEXTER, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (SARA A. GOLDFARB OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (DARIENN P. BALIN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered September 8, 2017. The judgment convicted defendant, upon a jury verdict, of criminal possession of a forged instrument in the second degree and offering a false instrument for filing in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of a forged instrument in the second degree (Penal Law § 170.25) and offering a false instrument for filing in the first degree (§ 175.35 [1]). We affirm.
Viewing the evidence independently and in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]; People v Beckwith, 182 AD3d 995, 995 [4th Dept 2020]), we reject defendant's contention that the verdict is against the weight of the evidence on the knowledge element of each crime (see People v Rice, 105 AD3d 1443, 1444 [4th Dept 2013], lv denied 21 NY3d 1076 [2013]; People v Moore, 41 AD3d 1202, 1203-1204 [4th Dept 2007], lv denied 9 NY3d 879 [2007]; see generally People v Silberzweig, 58 AD3d 762, 762-763 [2d Dept 2009], lv denied 12 NY3d 920 [2009]). Notably, defendant does not challenge the jury's determination that the People proved beyond a reasonable doubt that he filed a forged and false deed with intent to defraud (see generally Penal Law §§ 170.25, 175.35 [1]; People v Dallas, 46 AD3d 489, 491 [1st Dept 2007], lv denied 10 NY3d 809 [2008], reconsideration denied 10 NY3d 933 [2008]). We further note that the People's brief incorrectly states that, in conducting our weight of the evidence review, "[t]he jury's determinations should be given great weight . . . and should not be disturbed unless clearly unsupported by the record" (see People v Gant, 189 AD3d 2160, 2161 [4th Dept 2020], citing People v Sanchez, 32 NY3d 1021, 1022-1023 [2018]). The proper standard for conducting weight of the evidence review is set forth in People v Delamota (18 NY3d 107, 116-117 [2011]) and Danielson (9 NY3d at 349).
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court