People v O'Donnell (2021 NY Slip Op 03709)





People v O'Donnell


2021 NY Slip Op 03709


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


454 KA 18-00606

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
FRANCIS O'DONNELL, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JANE I. YOON OF COUNSEL), FOR DEFENDANT-APPELLANT.
LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY, FOR RESPONDENT. 


 Appeal from a judgment of the Cattaraugus County Court (Ronald D. Ploetz, J.), rendered March 19, 2018. The judgment convicted defendant, upon a jury verdict, of coercion in the first degree (two counts), rape in the first degree (four counts), and attempted criminal sexual act in the first degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the facts and as a matter of discretion in the interest of justice by reversing those parts convicting defendant of coercion in the first degree under counts two and three of the indictment, rape in the first degree under counts four and six of the indictment, and attempted criminal sexual act in the first degree under count eight of the indictment and dismissing those counts of the indictment, and by directing that the sentences imposed on counts five, seven, and nine of the indictment run concurrently with each other, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of four counts of rape in the first degree (Penal Law § 130.35 [1], [2]), two counts of attempted criminal sexual act in the first degree (§§ 110.00, 130.50 [1], [2]), and two counts of coercion in the first degree (§ 135.65 [1]). We modify.
Viewing the evidence independently and in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]; People v Dexter, 191 AD3d 1246, 1246-1247 [4th Dept 2021], lv denied — NY3d — [2021]), we agree with defendant that the verdict is against the weight of the evidence on the counts of rape in the first degree predicated upon a theory of forcible compulsion (Penal Law § 130.35 [1]) and on the count of attempted criminal sexual act in the first degree predicated upon a theory of forcible compulsion (§§ 110.00, 130.50 [1]). "Forcible compulsion involves either the use of 'physical force' or 'a threat, express or implied, which places [the victim] in fear of immediate death or physical injury' . . . in an effort to force the victim to submit to a defendant's advances" (People v Hemingway, 85 AD3d 1299, 1301 [3d Dept 2011], quoting § 130.00 [8] [a], [b]). Here, the trial evidence established that defendant physically abused the victim on two different occasions, that defendant once made a vague reference to the victim about having harmed someone in New Jersey on an unknown prior occasion, and that defendant and the victim had repeated sexual contact over the course of a month. The People, however, failed to establish beyond a reasonable doubt that defendant used either physical force or a threat to compel or attempt to compel the victim to engage in any particular sex act (see e.g. People v Aponte, 89 AD3d 1429, 1429 [4th Dept 2011], lv denied 18 NY3d 955 [2012]; Hemingway, 85 AD3d at 1301-1302; People v Chapman, 54 AD3d 507, 508-509 [3d Dept 2008]; People v Fuller, 50 AD3d 1171, 1175 [3d Dept 2008], lv denied 11 NY3d 788 [2008]; People v Howard, 163 AD2d 846, 846-847 [4th Dept 1990], lv denied 77 NY2d 996 [1991]). The existence of physical abuse between parties to an ongoing sexual relationship does not automatically make every sex act or attempted sex act within that relationship a product of forcible compulsion, and here the People failed to link any particular [*2]sex act or attempted sex act to any physically abusive conduct or purportedly threatening commentary on defendant's part. We therefore modify the judgment on the facts by reversing those parts convicting defendant of rape in the first degree under counts four and six of the indictment and attempted criminal sexual act in the first degree under count eight of the indictment and dismissing those counts (see CPL 470.15 [5]; 470.20 [5]). In light of our determination, we "need not reach the issue of whether the evidence [on those counts] was legally sufficient" (Matter of Arnaldo R., 24 AD3d 326, 328 [1st Dept 2005], appeal dismissed 6 NY3d 824 [2006]; see generally People v Clayton, 175 AD3d 963, 967 [4th Dept 2019]).
Again viewing the evidence independently and in light of the elements of the crimes as charged to the jury (see Danielson, 9 NY3d at 349; Dexter, 191 AD3d at 1246-1247), we further agree with defendant that the verdict is against the weight of the evidence on the counts of coercion in the first degree (Penal Law § 135.65 [1]). Specifically, the People failed to prove, beyond a reasonable doubt, that the victim was compelled or induced into any particular conduct by defendant's alleged statements (see e.g. People v Singh, 109 AD3d 1010, 1012 [2d Dept 2013], lv denied 23 NY3d 1067 [2014]; People v Bens, 5 AD3d 391, 392 [2d Dept 2004], lv denied 2 NY3d 796 [2004]). We therefore further modify the judgment on the facts by reversing those parts convicting defendant of coercion in the first degree under counts two and three of the indictment and dismissing those counts (see CPL 470.15 [5]; 470.20 [5]), and we likewise "need not reach the issue of whether the evidence [on those counts] was legally sufficient" (Arnaldo R., 24 AD3d at 328).
We reject, however, defendant's challenges to the legal sufficiency and weight of the evidence on the charges of rape in the first degree predicated upon a theory of physical helplessness (Penal Law § 130.35 [2]) and on the charge of attempted criminal sexual act in the first degree predicated upon a theory of physical helplessness (§§ 110.00, 130.50 [2]; see People v Shevchenko, 175 AD3d 922, 923-924 [4th Dept 2019], lv denied 34 NY3d 1019 [2019]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant's claim of prosecutorial misconduct on summation is unpreserved for appellate review (see People v Carlson, 184 AD3d 1139, 1142 [4th Dept 2020], lv denied 35 NY3d 1064 [2020]). In any event, reversal is unwarranted because the prosecutor's comments did not "deprive defendant of a fair trial" on the three charges that are supported by the weight of the evidence (id.). We nevertheless take this opportunity to reprove the prosecutor for her misstatement of the record during her summation, in which she purported to quote verbatim a statement made by defendant to a trial witness. The prosecutor's recounting of the purported verbatim quote was materially incorrect, and it transformed the relatively benign—albeit crude—statement that defendant actually made into a far more sinister statement that could be construed as a confession. The prosecutor then compounded her error by arguing, without any record support, that defendant was "bragging" to the trial witness about committing rape. We again remind the People that "[p]rosecutors play a distinctive role in the search for truth in criminal cases. As public officers they are charged not simply with seeking convictions but also with ensuring that justice is done. This role gives rise to special responsibilities—constitutional, statutory, ethical, personal—to safeguard the integrity of criminal proceedings and fairness in the criminal process" (id. [internal quotation marks omitted]).
The aggregate sentence is unduly harsh and severe given defendant's advanced age and lack of any criminal record (see CPL 470.15 [6] [b]). We therefore further modify the judgment as a matter of discretion in the interest of justice by directing that all remaining sentences run concurrently with each other (see CPL 470.20 [6]).
We have considered and rejected defendant's remaining contention.
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court