People v Brown (2021 NY Slip Op 03970)





People v Brown


2021 NY Slip Op 03970


Decided on June 17, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


625 KA 19-01451

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
VLADIMIR BROWN, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (J. SCOTT PORTER OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered March 8, 2019. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree (two counts), concealment of a human corpse and tampering with physical evidence. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]; [3]), one count of concealment of a human corpse (§ 195.02), and one count of tampering with physical evidence (§ 215.40 [2]). We affirm.
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Contrary to defendant's further contention, County Court legally imposed consecutive sentences on the count of concealment of a human corpse and the count of tampering with physical evidence (see generally People v Couser, 28 NY3d 368, 376 [2016]). The sentence is not unduly harsh or severe. Defendant's remaining contentions are unpreserved for appellate review (see CPL 470.05 [2]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Entered: June 17, 2021
Mark W. Bennett
Clerk of the Court