People v Alexander (2021 NY Slip Op 04884)





People v Alexander


2021 NY Slip Op 04884


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CARNI, NEMOYER, AND WINSLOW, JJ.


651 KA 16-00654

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WILLIE ALEXANDER, DEFENDANT-APPELLANT. 






LELAND D. MCCORMAC, III, INTERIM PUBLIC DEFENDER, UTICA (PATRICK J. MARTHAGE OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIE ALEXANDER, DEFENDANT-APPELLANT PRO SE.
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered August 28, 2015. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree and petit larceny. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), criminal possession of a weapon in the third degree (§ 265.02 [1]), and petit larceny (§ 155.25). We affirm.
At trial, a WalMart security guard testified that he saw defendant take a handgun out of his pants and toss it into a snowbank outside the store. At the time of his observation, the guard was pursuing defendant for shoplifting at a distance of approximately eight feet. Defendant's tossing gesture was also observed by another WalMart employee who witnessed the pursuit from a greater distance. The guard immediately secured defendant after the gun was discarded; minutes later, the police recovered the gun in the exact location where defendant had just thrown it and where a passerby had been continuously safeguarding it in the interim. Moreover, a federal agent testified that the subject gun had been purchased by a straw buyer in Columbia, South Carolina, and defendant's state identification card was issued by South Carolina and bore a Columbia address.
Viewing the trial evidence independently and in light of the elements as charged to the jury (see People v Dexter, 191 AD3d 1246, 1246-1247 [4th Dept 2021], lv denied 36 NY3d 1119 [2021]; see generally People v Danielson, 9 NY3d 342, 349 [2007]), we reject the contention in defendant's main brief that the verdict convicting him of criminal possession of a weapon in the second and third degrees is against the weight of the evidence with respect to the element of possession (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Indeed, given the security guard's detailed eyewitness testimony, the provenance of the gun, and the virtually instantaneous recovery of the gun in the exact location where defendant had just discarded it, the evidence of actual possession is so overwhelming that an acquittal on that ground would have been unreasonable (see People v Simmons, 133 AD3d 1275, 1277 [4th Dept 2015], lv denied 27 NY3d 1006 [2016]; People v Wimberly, 86 AD3d 806, 808 [3d Dept 2011], lv denied 18 NY3d 863 [2011]). Under these circumstances, the absence of fingerprint or DNA evidence does not raise a reasonable doubt concerning defendant's actual possession of the gun (see People v Randolph, 180 AD3d 716, 717 [2d Dept 2020], lv denied 35 NY3d 1048 [2020]; People v Butler, 126 AD3d 1122, 1123 [3d Dept 2015], lv denied 25 NY3d 1199 [2015]). Nor is the security [*2]guard's credibility undermined by his purported failure to include, in his written report, an inconsequential collateral detail about the incident (see People v Jefferson, 207 AD2d 753, 754 [1st Dept 1994], lv denied 84 NY2d 1012 [1994]).
We note, however, the following three statements in the People's responding brief: "deference should be afforded the factual findings of the jury" in conducting our weight of the evidence review; a conviction should not be overturned on weight of the evidence review
" 'unless clearly unsupported by the record' "; and a conviction should be overturned on weight of the evidence review only when it "rests upon testimony that is 'physically impossible, contrary to experience, or self-contradictory.' " All three propositions are incorrect characterizations of the Appellate Division's power to review the weight of the evidence in criminal cases (see People v Isaac, 195 AD3d 1410, 1410-1411 [4th Dept 2021]; Dexter, 191 AD3d at 1247; People v Gant, 189 AD3d 2160, 2161 [4th Dept 2020], lv denied 36 NY3d 1097 [2021], citing People v Sanchez, 32 NY3d 1021, 1022-1023 [2018]; see also Sanchez, 32 NY3d at 1024-1026 [Wilson, J., dissenting in part]). We reiterate that "[t]he proper standard for conducting weight of the evidence review is set forth in People v Delamota (18 NY3d 107, 116-117 [2011]) and Danielson (9 NY3d at 349)" (Gant, 189 AD3d at 2161).
Contrary to defendant's further contention in his main brief, the sentence is not unduly harsh or severe. Contrary to the People's assertion, however, we reiterate that "we need not determine 'that there is some demonstrated need to impose a different view of discretion than that of the sentencing Judge' " when "exercising our power to review the severity of a sentence as a matter of discretion in the interest of justice" (People v Parker, 137 AD3d 1625, 1626 [4th Dept 2016]).
In his pro se supplemental brief, defendant posits that the gun was subject to suppression because he discarded it as a direct result of the security guard's purportedly unlawful pursuit. Defendant therefore contends that defense counsel was ineffective for not moving to suppress the gun. We reject that contention. " 'It is settled that [even] an unauthorized search or seizure by private individuals, including store detectives, does not render the evidence inadmissible at subsequent civil or criminal proceedings' " (People v Mendoza, 82 NY2d 415, 433 [1993], quoting People v Jones, 47 NY2d 528, 533 [1979]), and the pursuing security guard in this case was a private individual acting on behalf of his private employer. Indeed, defendant does not identify any recognized indicia of state action (see People v Ray, 65 NY2d 282, 286 [1985]) upon which suppression could have been sought under these circumstances (cf. Mendoza, 82 NY2d at 425, 433-434). Thus, defense counsel was not ineffective for failing to make such a meritless suppression motion (see People v Taylor, 157 AD2d 617, 617-618 [1st Dept 1990], lv denied 76 NY2d 796 [1990]).
The remaining branches of defendant's ineffective assistance claim—i.e., that defense counsel failed to adequately cross-examine the security guard about certain topics and unreasonably failed to call certain witnesses at trial—implicate matters outside the record and thus cannot be reviewed on direct appeal (see People v Narine, 153 AD3d 1280, 1280 [2d Dept 2017], lv denied 30 NY3d 1062 [2017]). Finally, defendant's pro se challenge to the legal sufficiency of his petit larceny conviction is unpreserved for appellate review (see People v Hawkins, 11 NY3d 484, 492 [2008]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court