People v Ruiz (2023 NY Slip Op 02833)

People v Ruiz

2023 NY Slip Op 02833

Decided on May 25, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 25, 2023

Before: Kapnick, J.P., Friedman, Gesmer, Mendez, Pitt-Burke, JJ. 

Ind No. 3502/17 Appeal No. 315 Case No. 2020-00866 

[*1]The People of the State of New York, Respondent,
v
Hernando Ruiz, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Katharine Skolnick of counsel), and for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jared Wolkowitz of counsel), for respondent.

Judgment, Supreme Court, New York County (Steven M. Statsinger, J. at motion to controvert search warrant; Robert M. Mandelbaum, J. at jury trial and sentencing), rendered December 20, 2019, convicting defendant of robbery in the second degree (two counts), and sentencing him, as a persistent violent felony offender, to concurrent terms of 16 years to life, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations, including the jury's resolution of any discrepancies in the victim's statements about the incident (People v Sanchez, 32 NY3d 1021, 1023 [2018]; see also People v Romero, 7 NY3d 633, 646 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]). Although no witness identified the perpetrators and there was no surveillance video of the robbery itself, defendant's participation in the robbery with another person was established by, among other things, surveillance video footage depicting defendant's conduct before and after the robbery, the victim's account of being attacked by two men, defendant's phone found at the scene, a bystander's observation that a fleeing man dropped that phone, and evidence of defendant's consciousness of guilt such as changing his clothing and shoes immediately after the robbery. Defendant testified that he watched his companion, acting alone, rob the victim. However, the victim's testimony was explicit that he was robbed by two men, each taking or attempting to take different items of jewelry. The evidence also established the physical injury element required for one of the two counts (see Penal Law § 160.10[2][a]), because the victim's testimony supported the conclusion that while he sustained relatively minor injuries (People v Kearse, 214 AD3d 438 [1st Dept 2023]), his pain was "more than slight or trivial" (People v Chiddick, 8 NY3d 445, 447 [2007]; see also People v Guidice, 83 NY2d 630, 636 [1994]).
Any error in the court's denial of defendant's motion to controvert a warrant to search his phone was harmless, because the People have proven "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained" (Chapman v California, 386 US 18, 24 [1967]; see also People v Crimmins, 36 NY2d 230, 237 [1975]). Defendant does not challenge the portion of the search warrant that caused the phone to be identified as belonging to him, but challenges the warrant only to the extent it led to the admission of text messages from his wife, urging him to obtain money. However, these texts only provided some evidence of motive beyond the general motive to obtain property that can be inferred in any robbery. Furthermore, the evidence was overwhelming.
The court's interested witness charge as to defendant's testimony, which generally followed the Criminal Jury Instructions, was not constitutionally deficient [*2](see People v Torres, 179 AD3d 543, 545 [1st Dept 2020], lv denied 35 NY3d 995 [2020]). "The charge contained no language about defendant having a motive to lie," and "nothing in the charge assumed or suggested that he was guilty" (People v Blake, 39 AD3d 402, 403 [1st Dept 2007], lv denied 9 NY3d 873 [2007]; see also Reagan v United States, 157 US 301, 305-311 [1895]).
Defendant's constitutional challenges to his mandatory minimum sentence as a persistent violent felony offender are unpreserved (see People v Pena, 28 NY3d 727, 730 [2017]), and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits (see People v Broadie, 37 NY2d 100, 110-111 [1975], cert denied 423 US 950 [1975]; see also Ewing v California, 538 US 11, 29-30 [2003]; Rummel v Estelle, 445 US 263, 276 [1980]). "In weighing the gravity of [defendant's] offense, we must place on the scales not only his current felony, but also his long history of felony recidivism" (Ewing, 538 US at 29).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 25, 2023