People v Womack (2023 NY Slip Op 06656)

People v Womack

2023 NY Slip Op 06656

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, NOWAK, AND DELCONTE, JJ.

932 KA 20-00698

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KORANE K. WOMACK, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (JANE I. YOON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (John J. Ark, J.), rendered January 26, 2017. The judgment convicted defendant upon a jury verdict of criminal sexual act in the first degree and criminal sexual act in the third degree. 
It is hereby ORDERED that said appeal from the judgment insofar as it imposed sentence is unanimously dismissed and the judgment is affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a jury verdict of criminal sexual act in the first degree (Penal Law § 130.50 [1]) and criminal sexual act in the third degree (§ 130.40 [3]). In appeal No. 2, defendant appeals from a resentence imposing an indeterminate term of 20 years to life imprisonment on the criminal sexual act in the third degree count.
We note at the outset that, inasmuch as the sentence in appeal No. 1 was superseded by the resentence in appeal No. 2, the appeal from the judgment in appeal No. 1 insofar as it imposed sentence must be dismissed (see People v Redar, 195 AD3d 1577, 1578 [4th Dept 2021], lv denied 37 NY3d 1029 [2021]; People v Weathington [appeal No. 2], 141 AD3d 1173, 1173 [4th Dept 2016]).
Viewing the evidence independently and in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]; People v Dexter, 191 AD3d 1246, 1246-1247 [4th Dept 2021], lv denied 36 NY3d 1119 [2021]), we reject defendant's contention in appeal No. 1 that the verdict is against the weight of the evidence on the count of criminal sexual act in the first degree predicated upon a theory of forcible compulsion (Penal Law § 130.50 [1]). "Forcible compulsion involves either the use of physical force or a threat, express or implied, which places [the victim] in fear of immediate death or physical injury . . . in an effort to force the victim to submit to a defendant's advances" (People v O'Donnell, 195 AD3d 1430, 1431 [4th Dept 2021], lv denied 37 NY3d 994 [2021] [internal quotation marks omitted]). Here, the victim testified at trial that defendant used physical force to pull the victim by her arm into an alley and placed the victim in fear of immediate death or physical injury by making multiple threats that he would kill or beat the victim if she did not engage in oral sex.
Again viewing the evidence independently and in light of the elements of the crimes as charged to the jury (see Danielson, 9 NY3d at 349; Dexter, 191 AD3d at 1246-1247), we further reject defendant's contention in appeal No. 1 that the verdict is against the weight of the evidence on the count of criminal sexual act in the third degree (Penal Law § 130.40 [3]). The jury was entitled to credit the testimony of the victim that defendant forced her to engage in sexual contact with him. The testimony of the victim that she did not consent to the contact was corroborated by the testimony of a witness who observed the victim crying for help. The testimony was [*2]further corroborated by the testimony of a police officer who, upon arriving at the scene, heard the victim crying in distress and further testified that once the victim saw the police officer, she ran to him asking for help.
Although a different result may not have been unreasonable on either count, " '[t]he credibility of the victim and the weight to be accorded [her] testimony were matters for the jury' " (People v McCray, 96 AD3d 1480, 1480 [4th Dept 2012], lv denied 19 NY3d 1104 [2012]) and, on this record, it cannot be said that the jury failed to give the evidence the weight it should be accorded.
Contrary to defendant's contention in appeal No. 2, the resentence is not unduly harsh or severe.
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court