People v Jenkins (2023 NY Slip Op 06655)

People v Jenkins

2023 NY Slip Op 06655

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, NOWAK, AND DELCONTE, JJ.

931 KA 21-00991

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JUSTIN JENKINS, DEFENDANT-APPELLANT. (APPEAL NO. 2.) 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ABIGAIL D. WHIPPLE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. MATTLE OF COUNSEL), FOR RESPONDENT. 

 Appeal from a resentence of the Erie County Court (James F. Bargnesi, J.), rendered November 12, 2020. Defendant was resentenced upon his conviction of robbery in the second degree (six counts). 
It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him, upon his plea of guilty, of six counts of robbery in the second degree (Penal Law § 160.10 [2] [b]) and, in appeal No. 2, he appeals from a resentence on that conviction. We note at the outset that, inasmuch as the sentence in appeal No. 1 was superseded by the resentence in appeal No. 2, the appeal from the judgment in appeal No. 1 insofar as it imposed sentence must be dismissed (see People v Redar, 195 AD3d 1577, 1578 [4th Dept 2021], lv denied 37 NY3d 1029 [2021]; People v Weathington [appeal No. 2], 141 AD3d 1173, 1173 [4th Dept 2016]). We otherwise affirm the judgment in appeal No. 1 and affirm the resentence in appeal No. 2.
Defendant contends that the waiver of the right to appeal is invalid and that the resentence is unduly harsh and severe. Preliminarily, inasmuch as the sentencing conditions under which defendant agreed to waive the right to appeal did not change following the waiver obtained during the plea proceeding, his waiver of the right to appeal, if valid, would preclude his challenge to the severity of the resentence (see People v Jones, 219 AD3d 1666, 1666 [4th Dept 2023]; People v McCarthy, 145 AD3d 1572, 1573 [4th Dept 2016]; cf. People v Fortner [appeal No. 1], 203 AD3d 1690, 1690 [4th Dept 2022], lv denied 38 NY3d 1007 [2022]; People v Jirdon, 159 AD3d 1518, 1519 [4th Dept 2018]; People v Allen, 97 AD3d 1164, 1164 [4th Dept 2012], lv denied 19 NY3d 994 [2012]). Nonetheless, even assuming, arguendo, that defendant's waiver of the right to appeal is invalid (see generally People v Thomas, 34 NY3d 545, 560-563 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]) and thus does not preclude our review of his challenge to the severity of his resentence (see Jones, 219 AD3d at 1666), we conclude that the resentence is not unduly harsh or severe.
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court