People v Luna (2024 NY Slip Op 00875)

People v Luna

2024 NY Slip Op 00875

Decided on February 20, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 20, 2024

Before: Webber, J.P., Gesmer, González, Pitt-Burke, Rosado, JJ. 

Ind. No. 4426/18 Appeal No. 1699 Case No. 2019-5360 

[*1]The People of the State of New York, Respondent,
v
Rene Luna, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Katrina Jean Myers of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Patricia Curran of counsel), for respondent.

Judgment, Supreme Court, New York County (Stephen M. Antignani, J.), convicting defendant, after a jury trial, of robbery in the first degree and criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to an aggregate term of eight years, unanimously affirmed.
The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The security guard testified that defendant displayed a knife when he confronted defendant about shoplifting. The arresting officers testified that defendant brandished a knife when they encountered him outside the store, and the inventory of his possessions included a knife. Any inconsistencies in the witnesses' testimony do not warrant a different outcome (see People v Sanchez, 32 NY3d 1021 [2018]; People v Ruiz, 216 AD3d 574, 575 [1st Dept 2023], lv denied 40 NY3d 952 [2023]).
Defendant's challenges to the court's jury instruction on the statutory presumption of unlawful intent (Penal Law § 265.15[4]) are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits. The court's charge, viewed as a whole, conveyed the proper standards (see People v Walker, 26 NY3d 170, 174 [2015]). The absence of objections by trial counsel did not deprive defendant of effective assistance since nothing in the instruction was constitutionally deficient or caused defendant any prejudice.
Defendant's remaining ineffective assistance claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, in the absence of a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 20, 2024